Filed 7/6/23  P. v. Gutierrez CA4/1/

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>JOSE MANUEL GUTIERREZ,<br><br>      Defendant and Appellant. | D081515<br><br><br>(Super. Ct. No. CRN27244) |

APPEAL from a judgment of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed.

John L. Staley, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Donald W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

Jose Manuel Gutierrez appeals from a final judgment following a resentencing hearing. He asserts the trial court erred by imposing a four-year firearm enhancement pursuant to Penal Code[1] section 12022.5, subdivision (a), and that recently amended section 1385, subdivision (c)(2)(C) required dismissal of the enhancement. We decline to accept his interpretation of the statute and instead follow recent authority concluding that dismissal is not mandatory where, as here, the trial court finds it would endanger public safety. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The crime underlying the sentence at issue here occurred in October 1993. Gutierrez got into a verbal altercation with a guest at a wedding reception, and a witness observed that Gutierrez had a weapon concealed underneath his shirt. Gutierrez left the reception and, when he returned, a security guard refused to allow him back in. Gutierrez engaged in another verbal altercation with a known gang member out front and, at some point, drew a submachine gun from his pants and made a motion as if to spray gunfire at the crowd. Fortunately, the weapon did not fire, and Gutierrez fled the area. Later that evening, Gutierrez drove to the home of the groom. Two other individuals drove up to the residence a short time later, while Gutierrez was attempting to get the groom to come outside. Gutierrez drew a weapon and fired two bursts of 10 to 20 bullets at the vehicle. One of the shots lodged in the back of one of the individuals, and the individual eventually died due to complications from the wound.

A jury found Gutierrez guilty of one count of second-degree murder (§ 187, subd. (a)), one count of shooting at an occupied vehicle (§ 246), and one

---

[1] All further unspecified statutory references are to the Penal Code.

count of being a felon in possession of a firearm (§ 12021). The jury also made true findings on four separate firearm enhancement allegations (§§ 12022.55, 12022.5, subds. (a), (b)(1) and (2)) and found that Gutierrez had one prison prior (§ 667.5, subd. (b)). The trial court sentenced Gutierrez to 15 years to life for the murder, plus a determinate term of 10 years 8 months, based on one of the firearm enhancements as to count 1, the additional charges, and the prison prior. This court affirmed the judgment on appeal but remanded the matter for resentencing due to an unauthorized sentence on count 3, and the judgment was amended to impose the upper term of seven years instead of the mid-term of four years on count 3, for a total determinate term of 13 years 8 months.

More recently, in May 2021, Gutierrez requested assistance in the filing of a *Franklin/Cook*[2] motion based on changes to the sentencing law and his alleged status as a youth offender. The trial court appointed counsel for Gutierrez and set the matter for resentencing based on statutory amendments mandating dismissal of the previously imposed one-year enhancement for the prison prior. At the resentencing hearing, Gutierrez's attorney also asked the trial court to strike the five-year firearm enhancement previously imposed on count 1.

After discussing the details of the underlying crime, Gutierrez's prior criminal history, and his subsequent history of rules violations in prison, the trial court found that "earlier release would endanger public safety" and that "continued incarceration is in the interest of justice." However, the court acknowledged that Gutierrez's conduct had recently improved, demonstrating

---

[2] See *People v. Franklin* (2016) 63 Cal.4th 261; *In re Cook* (2019) 7 Cal.5th 439, 449.

3

potential rehabilitation, and therefore imposed a four-year enhancement under section 12022.5, subdivision (a) rather than the previously imposed five-year enhancement under section 12022.55.  The court stayed the remaining firearm enhancements, resulting in a total sentence of 15 years to life plus a determinate term of 11 years 8 months.

## DISCUSSION

On appeal, Gutierrez asserts the trial court's refusal to strike the firearm enhancement on count 1 violated recently amended section 1385, subdivision (c)(2)(C).

Section 1385 has long permitted trial courts to dismiss sentence enhancements, or the additional punishment associated with such enhancements, if doing so is in the furtherance of justice.  (See former § 1385, amended by Stats. 1986, ch. 85, § 2, eff. May 6, 1986.)  More recently, in 2021, the Legislature passed Senate Bill No. 81 (2021-2022 Reg. Sess.), amending section 1385 to not only grant trial courts the authority, but to also impose a duty upon them to strike or dismiss certain sentence enhancements when it is in the interest of justice to do so, and to specify a set of nine mitigating circumstances that the trial court must consider when making that decision.  (Stats. 2021, ch. 721, § 1; *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16, review den. Mar. 22, 2023 (*Lipscomb*); *People v. Walker* (2022) 86 Cal.App.5th 386, 395–398, review granted Mar. 22, 2023, S278309 (*Walker*).)  As relevant here, section 1385, subdivision (c) now states:

> "(c)(1) Notwithstanding any other law, the court shall dismiss an enhancement ***if it is in the furtherance of justice to do so***, except if dismissal of that enhancement is prohibited by any initiative statute.

> "(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in

4

subparagraphs (A) to (I) are present. **Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, *unless the court finds that dismissal of the enhancement would endanger public safety.*** 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others.

[¶] . . . [¶]

"(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed.

**"(C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed.**

[¶] . . . [¶]

"(3) While the court may exercise its discretion at sentencing, this subdivision does not prevent a court from exercising its discretion before, during, or after trial or entry of plea."

(Italics and boldface added.)

Gutierrez contends the firearm enhancement must be stricken pursuant to section 1385, subdivision (c)(2)(C) because it resulted in a sentence of over 20 years.[3] As an initial matter, we disagree that it was the imposition of the four-year firearm enhancement that resulted in a sentence over 20 years. Rather, Gutierrez's sentence on counts 1, 2, and 3 already exceeded 20 years, prior to the imposition of any enhancements. Regardless,

_____

[3]   Gutierrez also asserts the enhancement must be stricken under the due process clause, but he does not develop the argument. We therefore deem it forfeited. (See *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 ["Issues do not have a life of their own: if they are not raised or supported by argument or citation to authority, we consider [them] waived."].)

several other courts have rejected similar arguments, and we find the reasoning in those cases persuasive here. (See *People v. Mendoza* (2023) 88 Cal.App.5th 287, 290–293, review den. Apr. 26, 2023 (*Mendoza*); *People v. Anderson* (2023) 88 Cal.App.5th 233, 238–240, review granted Apr. 19, 2023, S278786 (*Anderson*); *Lipscomb, supra,* 87 Cal.App.5th at pp. 15–21; *Walker, supra,* 86 Cal.App.5th at pp. 395–398, review granted.)

In *Walker*, the court considered whether the analogous "shall be dismissed" language in section 1385, subdivision (c)(2)(B) mandates dismissal of all but one sentencing enhancement in all cases. (*Walker, supra,* 86 Cal.App.5th at p. 396, review granted.) The *Walker* court determined that it did not and explained, "the text and purpose of section 1385 in general, and Senate Bill No. 81 in particular, as well as the canons of statutory construction, counsel in favor of concluding that the [relevant statutory language] does not obligate trial courts to automatically dismiss all but one enhancement." (*Walker,* at p. 396.) "The phrase 'all enhancements beyond a single enhancement shall be dismissed' is not a standalone mandate of section 1385. Instead, it appears in the statute appended to one of the nine mitigating circumstances." (*Walker,* at p. 397.) Elsewhere, "[s]ection 1385 explicitly instructs that the existence of a mitigating circumstance—including the one for '[m]ultiple enhancements'— 'weighs greatly in favor of dismiss[al]' " but, under the remaining statutory language, the trial court retains its discretion "to evaluate whether dismissal is in the furtherance of justice by weighing enumerated and unenumerated mitigating factors against whether dismissal of an enhancement would 'endanger public safety.' " (*Walker*, at p. 397, italics omitted.)

The court therefore concluded that section 1385, subdivision (c)(2)(B) "means what it says—namely, that if a trial court determines that the

6

mitigating circumstance of '[m]ultiple enhancements . . . in a single case' exists *and* that dismissal of the enhancements will not 'endanger public safety,' then the court's discretion to dismiss is somewhat constrained by the phrase's mandate that the court must dismiss all but one of those multiple enhancements." (*Walker, supra,* 86 Cal.App.5th at p. 397, review granted, italics added.)

The *Walker* court then went on to address the meaning of section 1385, subdivision (c)(1) and (2), and specifically, the language that the court " '*shall* dismiss an enhancement if it is in the furtherance of justice to do so' " and that the presence of one or more enumerated mitigating circumstance " '*weighs greatly* in favor of dismissing the enhancement . . . *unless* the court finds that dismissal of the enhancement would endanger public safety.' " (*Walker, supra,* 86 Cal.App.3d at p. 398, review granted.) In the *Walker* court's view, "[a]lthough a statute's use of the 'shall/unless' dichotomy by itself does not necessarily erect a presumption in favor of whatever 'shall' be done, [citations] section 1385's use of the additional phrase 'great weight' goes a step further than just the 'shall/unless' dichotomy and thereby erects a presumption in favor of the dismissal of the enhancement unless and until the court finds that the dismissal would 'endanger public safety' as that term is defined in section 1385." (*Walker*, at pp. 398–399.) But the court declined Walker's request to interpret the provision as requiring courts "to dismiss an

7

enhancement 'unless there is substantial evidence of countervailing considerations' that justify imposition of the enhancement."[4] (*Id.* at p. 399.)

The court in *Lipscomb* addressed essentially the same issue in the context of section 1385, subdivision (c)(2)(C). There, the trial court had declined to dismiss a section 12022.53, subdivision (d) enhancement—which resulted in imposition of an additional term of 25 years to life—based on a finding that dismissal " 'would result in physical injury or serious danger to others.' " (*Lipscomb, supra,* 87 Cal.App.5th at p. 13.) Lipscomb asserted the dismissal was mandatory based on the "shall be dismissed" language in section 1385, subdivision (c)(2)(C), but, as in *Walker*, the appellate court concluded subdivision (c)(2)(C) did not compel dismissal in all cases. (*Lipscomb,* at p. 21.) Rather, the court explained, the full language of the statute, read in context, "expressly empower[s] the [trial] court to impose the enhancement upon a finding that dismissing it would endanger public safety." (*Id.* at p. 19.) Because the trial court had made such a finding, it was not required to consider the enumerated mitigating circumstances, including the circumstance in subdivision (c)(2)(C), and therefore did not err by declining to strike the enhancement. (*Lipscomb*, at p. 18.)

Other courts have since relied on the reasoning in *Walker* and *Lipscomb* to reach similar conclusions. (See *Anderson, supra,* 88 Cal.App.5th at pp. 238–241, review granted [citing *Walker* and concluding "dismissal [of

---

[4] As noted, the California Supreme Court granted a petition for review in *Walker*. The Court specified that its review "is limited to the following: Does the amendment to Penal Code section 1385, subdivision (c) that requires trial courts to 'afford great weight' to enumerated mitigating circumstances (Stats. 2021, ch. 721) create a rebuttable presumption in favor of dismissing an enhancement unless the trial court finds dismissal would endanger public safety?" (*People v. Walker*, 2023 Cal. Lexis 1459.)

8

an enhancement under subdivision (c)(2)(B) or (C)] *shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety"]; *Mendoza, supra,* 88 Cal.App.5th at p. 297 [citing *Walker, Lipscomb,* and *Anderson* as support for the conclusion that dismissal is not required when it would endanger public safety]; cf. *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1096–1098, review granted Apr. 12, 2023, S278894 [concluding the trial court retains discretion to determine whether dismissal is in the furtherance of justice but declining to follow *Walker* insofar as it suggests the presumption in favor of dismissal can only be rebutted by a showing that dismissal would endanger public safety].)

Although the published opinions addressing this issue have varied to some degree in interpreting the language in section 1385, subdivision (c)(1) and (2), none have concluded that the "shall be dismissed" language in subdivision (c)(2)(B) and (C) *requires* dismissal where the trial court finds that the dismissal would endanger public safety. Gutierrez asserts these cases were wrongly decided, but we are not persuaded. Absent further instruction from our high court, we will follow the plethora of published decisions concluding that neither subdivision (c)(2)(B) nor (C) requires dismissal of a sentencing enhancement where the trial court concludes dismissal would not be in the furtherance of justice and/or would endanger public safety. (§ 1385, subd. (c)(2).)

Here, the trial court made express findings that "earlier release would endanger public safety" and that "continued incarceration is in the interest of justice." Gutierrez does not dispute those findings. Accordingly, section 1385, subdivision (c)(2)(C) did not compel dismissal of the firearm enhancement, and the trial court did not err by imposing the additional four-year term.

9

## DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:

DATO, Acting P. J.

DO, J.